IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK GARDNER and ROCHELLE                                                    PLAINTIFFS
GARDNER, Individually and as Next Friends
and Parents of J.G.G., a Minor

v.                                      No. 4:13CV00552 JLH

CONTINENTAL CASUALTY COMPANY;
ARKANSAS CHILDREN'S HOSPITAL;
GRESHAM RICHTER, M.D.;
AARON METRAILER, M.D.; JOHN DOE I;
JOHN DOE 2; and JOHN DOE 3                                                    DEFENDANTS

**OPINION AND ORDER**

This is a medical negligence case brought by the parents of a child alleging that Arkansas Children's Hospital and Gresham Richter, M.D., were negligent in failing to protect the eyes of the child during laser surgery conducted on her face. The hospital has moved for partial summary judgment on punitive damages and also for partial summary judgment on criticisms made by Evangeline Dennis, the plaintiffs' expert with respect to the standard of care applicable to the hospital employees who participated in the laser surgery of the minor.

Inasmuch as this is a diversity case and the injury occurred in Arkansas, the law of the State of Arkansas governs. *See Burgerchef Sys., Inc. v. Govro*, 407 F.2d 921, 923 (8th Cir. 1969). In Arkansas, the standard for an award of punitive damages is set by statute:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> > (1)   The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred; or

    (2)  The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206.  The plaintiffs must provide clear and convincing evidence in order to meet this burden.  *Id*. § 16-55-207.  Negligence, however gross, will not support an award of punitive damages in Arkansas.  *In re: Aircraft Accident at Little Rock*, 351 F.3d 874, 877 (8th Cir. 2003); *Edwards v. Stills*, 335 Ark. 470, 484, 984 S.W.2d 366, 373 (1998).

  The hospital's motion for partial summary judgment regarding punitive damages relied upon testimony by Evangeline Dennis, who is, as noted, the plaintiffs' expert regarding the standard of care applicable to the employees of the hospital.  Dennis testified in her deposition that she did not believe that the hospital or its employees intended to hurt the child, nor did she believe that they were willful and wanton.  Based on those brief admissions, the hospital contended in its motion that it was entitled to summary judgment on the issue of punitive damages.

  In their response, the plaintiffs pointed out that punitive damages can be awarded in Arkansas based on reckless disregard of consequences from which malice may be inferred, which was not addressed in the hospital's motion.  Plaintiffs also point out that one of their experts, Richard Anderson, M.D., has opined that Dr. Richter aimed the laser within the bony orbit of the eye.  Furthermore, the employees of the hospital who participated in laser surgery knew that aiming the laser within the bony orbit of the eye could damage the eye.  In reply, the hospital argues that its employees did not know that Dr. Richter would aim the laser within the bony orbit of the eye and therefore cannot be responsible for punitive damages.

  A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of demonstrating the absence of a genuine

dispute for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23, 106 S. Ct. at 2552.

Here, the hospital did not meet its initial burden of demonstrating the absence of a genuine dispute of material fact. In its motion and supporting brief, it cited only the testimony by Dennis that she did not believe that the hospital employees intended to injure the minor or engaged in willful or wanton misconduct. That testimony did not address the other basis for an award of punitive damages – reckless disregard of the consequences from which malice may be inferred – and therefore did not shift the burden to the plaintiffs to show a genuine dispute of material fact on that issue. Moreover, while Dennis may be an expert on the standard of care applicable to hospital employees who participate in laser surgery, her testimony regarding the mental state of the employees is outside the bounds of her expertise.

From a review of the depositions that have been filed in response to the motion for partial summary judgment, it appears that the hospital employees knew that the laser surgery would occur near the eye, and there is evidence from which a jury could conclude that the hospital employees were negligent in not taking more steps than were taken to protect the child's eye. While negligence, however gross, does not suffice to support an award of punitive damages, in some instances the line between gross negligence and reckless disregard of the consequences is too fine for summary adjudication under Rule 56. This is one of those cases.

Unlike *Perry v. Stevens Transp., Inc.*, No. 3:11CV00048 JLH, 2012 WL 2805026 (E.D. Ark. July 9, 2012), leaving the issue of punitive damages to be decided at trial will not result in the admission of evidence that otherwise would be inadmissible. In *Perry*, the claim for punitive damages was based on the driving record of the truck driver who allegedly was responsible for personal injury to one of the plaintiffs. It was important in that case to decide whether there was a genuine dispute of material fact as to whether the plaintiffs were entitled to punitive damages before trial because of the potential prejudice to the defendant of admitting evidence regarding his driving record in the absence of a genuine dispute regarding punitive damages. Here, the evidence upon which the plaintiffs rely to show that they are entitled to punitive damages is evidence of how the laser surgery was conducted, which is to say that it is the same as the evidence on the issue of negligence. Unlike *Perry*, this case does not present a need to decide before trial whether there is a genuine dispute of material fact regarding punitive damages. And, in view of the fine line that separates gross negligence and reckless disregard of the consequences, the issue is better reserved for trial. Accordingly, Arkansas Children's Hospital's partial motion for summary judgment regarding punitive damages is DENIED. Document #47.

As noted, the hospital has also moved for partial summary judgment regarding the criticisms of Evangeline Dennis regarding whether the hospital's policies, procedures, and guidelines were adequate, whether the employees of the hospital were inadequately trained, and whether the hospital employees failed to evoke the chain of command.  In response, the plaintiffs concede that the hospital's policies, procedures, and guidelines were adequate and that the training afforded to its employees were adequate.  The plaintiffs have withdrawn those allegations.

As to the issue regarding "chain of command," there is some dispute regarding precisely what that means.  It appears from the transcript of the deposition of Dennis that she criticized the employees of the hospital for not reporting the incident in question up the chain of command after the incident occurred.  The hospital correctly argues that such a failure was not the proximate cause of any injury.  On the other hand, the plaintiffs contend that Dennis criticized hospital employees for failing to invoke the chain of command during the surgery, not merely after the surgery.  While it does not appear that Dennis used that phrase with respect to her criticisms of the conduct of hospital employees during the surgery, it is true that she testified that the hospital employees violated the applicable standard of care during the surgery, and it is also true that if the hospital employees violated the standard of care during the surgery, that violation might be a proximate cause of the injury to the child.

The plaintiffs' partial motion for summary judgment regarding the criticisms of Evangeline Dennis is GRANTED IN PART and DENIED IN PART.  Document #54.  The motion is granted as to the plaintiffs' claims that the policies, procedures, and guidelines of the hospital were inadequate; as to the plaintiffs' claims that the hospital employees were inadequately trained; and as to any criticism by Dennis regarding the failure of the hospital employees to report the incident

5

up the chain of command after the surgery occurred. The motion is denied as to the criticism that Dennis made of the conduct of hospital employees during the surgery.[1]

## CONCLUSION

For the reasons stated, the motion filed by Arkansas Children's Hospital for partial summary judgment regarding punitive damages is DENIED. Document #47. The motion filed by Arkansas Children's Hospital for partial summary judgment as to the criticisms of Evangeline Dennis is GRANTED IN PART and DENIED IN PART. Document #54.

IT IS SO ORDERED this 10th day of October, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] In their response, the plaintiffs argued that the hospital failed to hire competent employees and failed to supervise its employees. Those issues were not raised in the hospital's motion for partial summary judgment and therefore are not addressed.